UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: CRANE ENTERPRISES LLC,<br><br>Debtor, | 25cv9795 (DLC)<br>25cv9809 (DLC) |
| CRANE, et al.,<br><br>Appellants,<br><br>-v-<br><br>CRANE ENTERPRISES LLC,<br><br>Appellee. | <u>OPINION AND ORDER</u> |

APPEARANCES:

For appellants Michael E. Crane and Daniel M. Crane:
Mitchell Craig Shapiro
MCShapiro Law Group PC
Three Grace Avenue, Suite 100
Great Neck, NY 11021

For appellee Crane Enterprises LLC:
Brett S. Silverman
Silverman Law PLLC
4 Terry Terrace
Livingston, NJ 07039

DENISE COTE, District Judge:

On March 4, 2025, Crane Enterprises, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor brought an adversary proceeding against Michael E. Crane and his son Daniel M. Crane (collectively, "the Cranes") to take possession of an apartment

owned by the Debtor. This decision denies two appeals filed by the Cranes. The Cranes' appeal from the denial of their motion to dismiss the Chapter 11 filing is dismissed on the ground that this Court lacks jurisdiction to review an interlocutory order. The Cranes' appeal from the disallowance of their proofs of claim is denied on the merits.

## Background

The history of this litigation is described in a prior Opinion, with which familiarity is assumed. See In re Crane Enterprises, 25cv6793 (DLC), 2026 WL 924070 (S.D.N.Y. Apr. 6, 2026). This Opinion recites only those facts relevant to the instant motion. The following facts are undisputed unless otherwise noted.

The Debtor, Crane Enterprises LLC, is a New York limited liability company that holds a single asset: 99 shares in a two-bedroom cooperative apartment located in Long Beach, New York that has been valued at an amount less than $1 million (the "Apartment"), and a corresponding proprietary lease to possess the apartment. The Debtor is owned in equal parts by the estates of sisters Rhoda Crane and Joyce Crane, which both have court-appointed administrators.

After the deaths of Rhoda Crane and Joyce Crane, the Debtor commenced an eviction action in New York state court to remove

Michael Crane from the Apartment. Although Michael produced an alleged "lifetime lease" permitting him and his son Daniel to reside in the Apartment indefinitely for $1 per year, the New York state court rejected this "lifetime lease" defense and entered a Judgment of Possession in the Debtor's favor and a Warrant of Eviction against Michael on November 18, 2024.

On March 5, 2025, the Debtor commenced an adversary proceeding in the Bankruptcy Court, seeking an order directing Michael and Daniel Crane to turn over possession of the Apartment to the Debtor under § 542 of the Bankruptcy Code. 11 U.S.C. § 542. In opposition, Michael and Daniel once again primarily argued that the alleged "lifetime lease" entitled them to possess the Apartment. They also claimed that the prior New York state court judgment had no preclusive effect on Daniel because he was not a party to that action. On July 29, the Bankruptcy Court rejected the Cranes' arguments and granted the Debtor summary judgment on the turnover claim, and, on July 30, issued an order directing Michael and Daniel to turn over possession of the Apartment. On August 20, the Bankruptcy Court denied reconsideration and a stay of its turnover order and, on

August 22, the Bankruptcy Court granted the Debtor's motion to evict the Defendants from the Apartment.[1]

The Debtor's Chapter 11 case continued while the turnover and eviction proceedings were being adjudicated. On August 29 and 31, 2025, Michael Crane and Daniel Crane filed the proofs of claim at issue in this appeal. The Cranes' claims sought damages on the theory that they were wrongfully evicted from the Apartment that they had a right to occupy based on the alleged "lifetime lease." The Debtor objected to these claims, explaining that the eviction was valid pursuant to the Bankruptcy Court's August 22 eviction order. On October 29, the Bankruptcy Court granted the Debtor's objection, rejected the Cranes' "wrongful eviction" arguments, and entered an order disallowing and expunging the Cranes' claims.

In parallel, on September 22, the Cranes filed a motion to dismiss the Chapter 11 case. The Cranes urged the Bankruptcy Court to dismiss the case "for cause" pursuant to § 112(b) of the Bankruptcy Code because they claimed that it was filed without the requisite authority and in bad faith. On November 17, the Bankruptcy Court denied the motion. The Bankruptcy Court first found that the administrators who filed the case on

[1] This Court recently affirmed these three orders of July 30, August 20, and August 22 on appeal in In re Crane Enterprises, 25cv6793 (DLC), 2026 WL 924070 (S.D.N.Y. Apr. 6, 2026).

behalf of the Debtor had the requisite authority derived from orders of the New York and New Jersey state courts. The Bankruptcy Court then concluded, after considering the totality of the circumstances, that the Debtor filed for bankruptcy in good faith and that no "cause" existed to justify dismissal.

The Cranes appealed the Bankruptcy Court's October 29 denial of their proofs of claim on November 6. This appeal was docketed in this Court as 25cv9795. They then appealed the Bankruptcy Court's November 17 denial of their motion to dismiss the day it was issued. This second appeal was docketed in this Court as 25cv9809. After an Order of December 3 consolidated these two appeals, the parties submitted their merits briefing. The Cranes filed their opening brief on February 17, 2026. The Debtor filed its opposition brief on March 16. The Cranes filed their reply on March 23, and briefing on the consolidated appeal became fully submitted.

## Discussion

The Cranes challenge the following Bankruptcy Court Orders on appeal: (1) the October 29, 2025 Orders disallowing Daniel Crane and Michael Crane's proofs of claim and (2) the November 17, 2025 Order denying the Cranes' motion to dismiss the Chapter 11 case. A district court functions as an appellate court in reviewing judgments rendered by a bankruptcy court, 28 U.S.C. §

158(a), and reviews "the bankruptcy court's findings of fact for clear error and its legal determinations de novo." In re Tingling, 990 F.3d 304, 307 (2d Cir. 2021) (citation omitted). District courts also review a bankruptcy court's discretionary decisions for abuse of discretion. See id. at 307 & n.6.

A. Disallowance of Proofs of Claim

The Cranes challenge the Bankruptcy Court's October 29, 2025 disallowance of their proofs of claim. Their appeal is denied.

When a proof of claim is filed, it is afforded prima facie validity but, once objections are made, the Bankruptcy Court must evaluate the claim under the applicable substantive law. See 11 U.S.C. § 502(a)-(b)(1). As previewed above, the Cranes' claims asserted damages based solely on the theory that they were wrongfully evicted from the Apartment that they had a right to occupy pursuant to the alleged "lifetime lease." The Debtor objected to these claims, explaining that the eviction was valid pursuant to an August 22, 2025 eviction order entered by the Bankruptcy Court. Following briefing and oral argument, the Bankruptcy Court agreed with the Debtor, concluding that "[i]t cannot be a wrongful eviction to cause someone to leave pursuant" to the Bankruptcy Court's August 22, 2025 eviction order. The Bankruptcy Court then rejected the Cranes' "wrongful

eviction" and "lifetime lease" arguments, sustained the Debtor's objection, and entered an order disallowing and expunging the claims.

The Cranes make four primary arguments to challenge the Bankruptcy Court's disallowance of their wrongful eviction claims. None succeeds. Two of those arguments are repeated from a prior, related appeal and were rejected in this Court's April 6, 2026 Opinion: that the Bankruptcy Court erred in giving collateral estoppel effect to the 2024 New York state court judgment, and that the collateral estoppel effect should not have been extended to bind Daniel Crane, a nonparty to the New York action. The Cranes do not identify any new authority to change this Court's view on those two arguments since last month's Opinion was issued. Thus, this Court rejects those two arguments for the reasons already stated in its April 6, 2026 Opinion. See In re Crane Enterprises, 2026 WL 924070, at *3-4.

The Cranes' next argument is closely related. They contend that "[t]he Bankruptcy Court compounded its prior errors by relying upon its prior rulings as the grounds for dismissing the Cranes' claims for damages." This argument fails for two reasons. First, the Cranes have not identified any errors in the Bankruptcy Court's prior rulings. And, second, even if they had, the Bankruptcy Court did not rely on collateral estoppel

when rejecting the Cranes' wrongful eviction claims. As already explained, the Bankruptcy Court concluded that the Cranes' eviction from the Apartment was not wrongful because it was conducted pursuant to a valid eviction order, which has also been affirmed in this Court's April 6, 2026 Opinion. See id. at *5.

Lastly, the Cranes argue that the Bankruptcy Court "exceeded its statutory and constitutional authority in dismissing yet unfiled claims." They urge this Court to find that, although § 502(b) of the Bankruptcy Code authorizes the disallowance (i.e., denial) of filed claims, it does not authorize the Bankruptcy Court's "sua sponte barring [of] wrongful-eviction claims" that had not yet been filed. This argument, too, fails. It cannot be seriously disputed that the Cranes filed wrongful eviction claims in the Debtor's Chapter 11 case. Michael Crane and Daniel Crane filed their wrongful eviction claims on August 29 and 31, 2025 using the standard Official Form 410 provided by the Bankruptcy Court. In both forms, the Cranes identified the basis of their claims as "[w]rongful dispossession of lifetime tenancy in apartment" and attached the purported "lifetime lease" to reside in the Apartment. Thus, this Court finds no error in and affirms the

Bankruptcy Court's October 29, 2025 disallowance of the Cranes' proofs of claim.

B. Denial of the Motion to Dismiss

The appeal from the November 17, 2025 Order denying the Cranes' motion to dismiss is denied. This is an appeal from an interlocutory order which the Court lacks jurisdiction to review.

A party may appeal "final judgments, orders, and decrees" of a bankruptcy court as of right but can only appeal most "interlocutory orders and decrees" "with leave of the [district] court." 28 U.S.C. § 158(a). The Second Circuit has definitively held that denials of a motion to dismiss a bankruptcy petition are nonfinal orders under § 158(a). See In re Delaney, 110 F.4th 565, 568 (2d Cir. 2024).

The Cranes did not seek leave from this Court to pursue an interlocutory appeal under § 158(a)(3) prior to noticing their appeal, but now urge this Court to treat their notice of appeal as a motion for leave to appeal, and to grant leave post hoc. That request is denied. But even if it were granted, it would not save the Cranes' appeal from the Bankruptcy Court's decision.

In determining whether to grant an interlocutory appeal under § 158(a)(3), courts apply the standard articulated in 28

U.S.C. § 1292(b), which governs interlocutory appeals from district court orders to the court of appeal. See, e.g., In re Coudert Bros. LLP Law Firm Adversary Proceedings, 447 B.R. 706, 711 (S.D.N.Y. 2011). Section 1292(b) permits district courts to allow an interlocutory appeal where three requirements are met: (1) the "order involves a controlling question of law," (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation," and (3) "there is substantial ground for difference of opinion" on that question. 28 U.S.C. § 1292(b). At least two of these requirements do not exist here.

The Cranes contend that these requirements are met because "[t]he issues presented on the appeal of the MTD Order -- lack of authority . . . and bad faith . . . -- include pure legal questions that control the outcome of the entire case" and "[i]mmediate review will terminate the case before the sole asset of the Debtor is sold at auction (now scheduled to take place on March 26, 2026)." Even if the Bankruptcy Court decision involved a controlling question of law, however, the Cranes have failed to explain how an immediate appeal would "materially advance the ultimate termination of the litigation," given that the March 26, 2026 date they cited (a mere three days after the appeal became fully submitted) has passed. And the

Cranes have also failed to show "substantial ground for difference of opinion" on the outcome of the test employed by the Bankruptcy Court to determine whether the case was filed in bad faith and should be dismissed "for cause" pursuant to § 112(b) of the Bankruptcy Code.[2]

**Conclusion**

The Cranes' November 6 and 17, 2025 appeals are denied. The Bankruptcy Court's Orders of October 29, 2025 are affirmed. The appeal from the Bankruptcy Court's November 17, 2025 Order is dismissed for lack of jurisdiction.

Dated: New York, New York
May 18, 2026

DENISE COTE
United States District Judge

[2] This Court's decision declining to grant leave to appeal is not itself appealable. As the Second Circuit explained in In re Kassover, 343 F.3d 91 (2d Cir. 2003), "[i]n requiring that a district court grant leave to appeal before rendering a decision on the merits, Congress surely intended to make the declining of such leave the end of the matter, save perhaps for the seeking of an extraordinary writ." Id. at 95.